# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SARAH BARRETT, Individually and on behalf of all others similarly situated, | Case No.:  2:14-cv-3235 |
| Plaintiff, | <u>CLASS ACTION</u> |
| vs. | **<u>JURY TRIAL DEMANDED</u>** |
| CANON U.S.A., INC., | |
| Defendant. | |

## <u>CLASS ACTION COMPLAINT</u>

Plaintiff Sarah Barrett, individually and on behalf of all others similarly situated, by her undersigned counsel, alleges the following upon personal knowledge as to her own acts and upon information and belief as to all other matters.  Plaintiff's information and belief is based, *inter alia*, upon the investigation conducted by counsel.

## <u>NATURE OF THE ACTION</u>

1.      This class action is brought by Plaintiff on behalf of herself and all others similarly situated in the United States of America who have purchased certain defective printers manufactured and distributed by Canon U.S.A., Inc. ("Canon U.S.A.").  The defective printers include over 16 different Canon models, including but not limited to Models Pixma MX892, Pixma MP600, MX860 and MX700 (the "Printers"). After limited use, the Printers display the following error message: U052 Wrong Printhead Error.  The error indicates that the Printer does not recognize the printhead or that the printhead itself is faulty (the "Defect"), and disables all Printer functions, including scanning and facsimile.  The Defect thus renders the Printers unsuitable for their principal and intended purpose.

## PARTIES

2.      Plaintiff Sarah Barrett resides in Forest, Virginia.  Plaintiff Barrett purchased a Canon Pixma MX892 Printer for her personal use from Best Buy in Lynchburg, Virginia on July 22, 2012.  The Printer was designed, manufactured, marketed, distributed, and/or sold with the Defect by Defendant.  Plaintiff Barrett's Printer has exhibited the Defect described herein.

3.      Defendant Canon U.S.A. is a New York corporation, with its principal place of business in Melville, Suffolk County, New York.  Canon U.S.A. is a wholly-owned subsidiary of Canon, Inc., a Japanese corporation (collectively "Canon"), through which it designs, manufactures, and/or distributes consumer electronics products, and sells Canon brand consumer products direct to the public through its international retail website Canon.com, including the Printers containing the Defect forming the subject matter of this action, which it caused to be placed into the stream of commerce in this District and throughout the United States.

## VENUE AND JURISDICTION

4.      This Court has subject matter jurisdiction over the claims asserted in this action pursuant to 28 U.S.C. § 1332, because there is an aggregate amount in controversy exceeding $5,000,000, exclusive of interest and costs, and because at least one Plaintiff is a citizen of a State different from Defendant.  This Court also has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

5.      Venue is proper in this District because Canon U.S.A. is headquartered and conducts substantial business in this District, including the promotion, sale and marketing of its products, sufficient to render it within the jurisdiction of this Court.  In addition, the events and conduct giving rise to the violations of law in this action constitute interstate commerce, and a significant portion thereof occurred in this District.

6.     This Court has personal jurisdiction over Canon U.S.A. because Canon U.S.A. is headquartered in this district, and thus has sufficient minimum contacts with the State of New York for the State to exercise jurisdiction consistent with due process.

## SUBSTANTIVE ALLEGATIONS

7.     Canon is in the business of manufacturing, marketing and distributing for sale a variety of electronics products, including numerous different models of Printers, to consumers throughout the United States.

8.     After purchase, at least sixteen (16) of those models began displaying the error message U052, which Canon product support has defined as an indication that the Printer does not recognize the printhead or that the printhead itself is faulty.  If the issue cannot be successfully resolved by trouble-shooting, which it could not in the case of Plaintiff Barrett, the Printer must be returned to Canon for service.  Such repair is generally more expensive than purchasing a new printer.

9.     Canon had actual knowledge of the Defect in the Printers, but has failed to recall the Printers in order to cure the design defect described herein.  Canon's knowledge comes from repairs it performed during the warranty period, when it chose not to do a recall or extend the warranty for what it knew to be a defective product.

10.     The Defect described herein was a material fact related to the reliability and normal operation of the Printers known only to Canon.  Had Plaintiffs and members of the Class known about the defect, they would not have purchased their Printers.

11.     The Printers include a 12 months parts and labor warranty.  Despite the fact that Canon knew of the Defect from prior consumer complaints well within warranty limitations periods, Canon has refused to pay for labor or diagnostic expenses for consumers with Printers

manifesting the Defect more than a year after purchase.  Furthermore, Canon has refused to pay any part of the cost of repairing Printers that manifest the Defect one year after purchase.  Such cost may exceed the cost of a new Printer.

12.     Consumers of Canon's Printers could reasonably expect their Printers to function properly well beyond the 12 months parts and labor warranty provided by Canon's boilerplate warranties.  Canon knew or should have known that the defective design of the Printers would render the time limitations in its written warranty grossly inadequate to protect consumers from the Defect, and would subject consumers to expensive repair costs.

13.     Plaintiff and the members of the Class had no knowledge of the cause of the Defect and did not suspect, nor did they have reason to suspect, that the Defect was caused by Canon's wrongdoing.  Plaintiff and the members of the Class could not have known or reasonably discovered, nor did they have reason to know of, the Defect created by Canon.  Further, they could not have known or reasonably discovered that the Printers they purchased were defective or that the cause of the harm suffered by Plaintiff and the members of the Class was directly attributable to the wrongdoing by Canon alleged herein.  Plaintiff and the members of the Class were not told by Canon of the printhead recognition problem prior to their purchases.

14.     Plaintiff and the Class members' lack of knowledge regarding the cause of their damages was due in large part to Canon's concealment of material facts regarding the Defect.  The fraudulent acts of concealment by Canon included the intentional concealment and refusal to disclose facts known to Canon about the Defect in the Printers, which Plaintiff and the members of the Class had no reason to learn of or otherwise discover.  In fact, Plaintiff and the members of the Class were not aware that Canon's overall malfeasance in designing, manufacturing, distributing, marketing, and selling of its Printers was a cause of their damage.

15.     Canon, as the designer, manufacturer, marketer, distributor and seller of the Printers, warranted, either expressly or by implication, that the Printers being sold to the general public were not inherently defective, and were reasonably suited for their intended purpose.  Canon breached its agreement and warranty by doing so and Canon made and/or allowed these misrepresentations to be made with the intent of making Plaintiff and the members of the Class enter into agreements to purchase the Printers.  If Plaintiff and the members of the Class had been advised by Canon, they would not have purchased the Printers or paid as much as they did for the Printers.

16.     Canon has refused to recall the Printers and has also refused to repair the Defect if the Printer is outside of the warranty period.  Class Members are damaged in the amount of the price paid for the Printers.

17.     The Printers were sold to distributors and consumers with the knowledge and intent that the Printers be used for the benefit of consumers.  Canon and its distributors sold the defective printers to Plaintiff and the members of the Class in the course of their business.  In addition, Canon also sells Printers direct to consumers in the United States through its website Canon.com and many of the Printers at issue herein were sold directly to members of the Class by Canon.

18.     The Printers were not altered by Plaintiff, the members of the Class, Canon's distributors or other personnel.  The Printers were defective when they left the exclusive control of Canon and Canon knew the Printers would be used without additional tests for defects.  The Printers were defective and unfit for their intended purpose and Plaintiff and the members of the Class did not receive the goods as warranted.

19.     By engaging in the above described conduct, Canon committed acts and omissions with actual malice and accompanied by a wanton and willful disregard of persons, including Plaintiff and members of the Class, who foreseeably might by harmed by those acts and omissions.

20.     As a direct result of Canon's actions set forth herein, Plaintiff and the consumers who have purchased the Printers and comprise the Class have suffered injury in fact, have been damaged and have suffered a loss of money or property for having paid for a product that does not, cannot, and will not, work as represented.

## CLASS ACTION ALLEGATIONS

21.     Plaintiff brings this action on behalf of herself and all other members of a class consisting of all purchasers in the United States of America of the Printers (the "Class"). Excluded from the Class is Defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with Defendant, including, without limitation, persons who are directors of Canon.

22.     The Class is composed of no fewer than tens of thousands of persons nation-wide, and is sufficiently numerous for class treatment. The joinder of all Class members individually in one action would be impracticable, and the disposition of their claims in a class action will provide substantial benefits to the parties and the Court.

23.     Plaintiff's claims are typical of the claims of the Class and Plaintiff has no interests adverse to the interests of other members of the Class.

24.     This dispute raises questions of law and fact that are common to all Class members. Those common questions predominate over questions that arise on an individual basis for Class members. The common questions of law and fact include, without limitation:

(a)     Whether Canon's representations, omissions, and conduct regarding the Printers were misleading or false;

(b)     Whether Canon's representations and conduct were likely to deceive consumers into believing that the Printers operated properly;

(c)     Whether Canon undertook a course of conduct to hide the existence of the Defect from the members of the Class;

(d)     Whether the Defect constitutes a manufacturing or design defect;

(e)     Whether the members of the Class have been injured by Canon's conduct;

(f)     Whether the members of the Class have sustained damages and are entitled to restitution as a result of Canon's wrongdoing and, if so, what is the proper measure and appropriate formula to be applied in determining such damages and restitution; and

(g)     Whether the members of the Class are entitled to injunctive relief.

25.     Plaintiff will fairly and adequately protect the interests of the Class and has retained counsel experienced and competent in the prosecution of class action litigation.

26.     A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted.  Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

27.     A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  If a Class or general public action is not permitted, Class members will continue to suffer losses and Canon's misconduct will continue without proper remedy.

28.     Canon has acted and refused to act on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## FIRST CAUSE OF ACTION
### Violation of the New York Consumer Protection Act

29.     Each of the above allegations is incorporated herein by reference.

30.     As described herein, Canon was and is engaged in business, trade and commerce in New York.

31.     As described herein, Canon's acts or practices are deceptive and/or misleading in violation of New York General Business law, article 22-A, § 349, otherwise known as the New York Consumer Protection Act.

32.     Canon's sale and/or distribution in the State of New York of the Printers which Canon knew or should have known had the Defect constitutes deceptive and/or misleading acts or practices within the meaning of the New York Consumer Protection Act.

33.     Canon's breaches of its respective expressed and implied warranties constitute deceptive and/or misleading acts or practices within the meaning of the New York Consumer Protection Act.

34.     Plaintiff and the other Class members have been injured by Canon's deceptive and/or misleading practices as detailed above.

35.     Plaintiff and the other Class members are entitled to damages under the New York Consumer Protection Act.

## SECOND CAUSE OF ACTION
**Breach of Express Warranty**

36.    Each of the above allegations is incorporated herein by reference.

37.    Canon, as the designer, manufacturer, distributor and seller of the Printers, expressly warranted that the Printers were not inherently defective.

38.    Canon's affirmations of fact and/or promises relating to the Printers created express warranties that the Printers purchased by Plaintiff and the Class would operate properly and without defects.  Canon breached the express warranty in that the Printers did not conform to the promises or affirmations of fact made by Canon to the Plaintiff and members of the Class.

39.    Alternatively, Canon's descriptions of the Printers became part of the bargains between consumers and Canon, creating express warranties that the Printers purchased by Plaintiff and the Class would conform to Canon's representations.

40.    If Plaintiff and the members of the Class had known the true facts, they would not have purchased the Printers, and would have purchased a different brand of Printer.

41.    Despite the fact that the Defect was present in the Printers at the time of purchase, and well within the warranty limitations period, Canon has refused to pay for labor or diagnostic expenses for consumers with Printers manifesting the Defect for more than one year after purchase, and Canon has refused to pay any part of the cost of repairing Printers which manifest the Defect more than one year after purchase.

42.    In any case, Canon's limits on its express warranty are unenforceable as Canon knew or should have known that the nature of the Defect would render the time limitation in its written warranty grossly inadequate to protect consumers from the Defect, and would subject consumers to expensive repair costs.  Canon failed to include in its warranty any disclosure

regarding the existence of the known Defect, or the gross inadequacy of the limitations period contained in its written warranty.

43.     The time limits contained in Canon's written limited warranties were and are unconscionable because, among other things: (1) Plaintiff and the Class had no meaningful choice in determining the warranty time limitations; (2) the terms of the limited warranties unreasonably favored Canon over Plaintiff and members of the Class; (3) a gross disparity in bargaining power existed as between Canon and Plaintiff and the Class; and (4) Canon knew or should have known that the Printers were defective at the time of sale and would fail to properly function well before the end of their expected useful lives, thereby rendering the warranty time limitations insufficient, inadequate and unconscionable.

44.     As a result of the foregoing, Plaintiff and the Class have suffered damages.

### THIRD CAUSE OF ACTION
### Breach of Implied Warranty

45.     Each of the above allegations is incorporated herein by reference.

46.     Canon's affirmations of fact and/or promises relating to the Printers created implied warranties that the Printers would operate properly and without defects.

47.     Alternatively, Canon's descriptions of the Printers became part of the bases of the bargains between Plaintiff and the Class and Canon, creating implied warranties that the Printers purchased by Plaintiff and the Class would conform to Canon's representations.

48.     In fact, the Printers purchased by Plaintiff and the Class did not so conform.

49.     Canon also breached the implied warranty of merchantability because the Printers were not of average quality and/or were unfit for their intended and ordinary use as a result of the Defect.  Canon cannot disclaim this implied warranty as the Company knowingly sold a defective product.

50.     Canon also breached the implied warranty of fitness for a particular purpose, as Plaintiff and the Class unknowingly purchased defective Printers for personal use.

51.     The Printers were defective when they left the exclusive control of Canon.  Plaintiff and members of the Class did not receive the goods as warranted.

52.     As a result of the foregoing, Plaintiff and the Class have suffered damages.

## FOURTH CAUSE OF ACTION
### Unjust Enrichment and Restitution

53.     Each of the above allegations is incorporated herein by reference.

54.     Canon has received benefits at the expense of Plaintiff and the Class members, and it is inequitable for Canon to retain these benefits.

55.     Through its unfair and deceptive conduct, Canon has unlawfully obtained money from Plaintiff and the Class members for defective Printers.

56.     As a direct and proximate result of Canon's unlawful acts and practices, Plaintiff and the Class have paid money to Canon for defective Printers, and are therefore entitled to restitution and restoration of the money they paid to Canon, along with interest thereon from the date of payment.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment as follows:

A.     Declaring that this action is properly maintainable as a class action and certifying Plaintiff as Class Representative;

B.     Awarding restitution and disgorgement as a result of Canon's unfair business practices;

C.     Awarding Plaintiff and the Class compensatory and punitive damages as a result of Canon's violations and enjoining Canon from continuing the illegal practices set out above;

D.    Requiring Canon to inform the public of the Defect possessed by its Printers;

E.    Awarding pre- and post-judgment interest;

F.    Awarding attorney fees, expenses, and costs; and

G.    Providing such other and further relief as this Court may deem just and proper.

### DEMAND FOR TRIAL BY JURY

Trial by jury is demanded.

DATED:  May 23, 2014                              Respectfully Submitted,

                                                 **FEDERMAN & SHERWOOD**

                                                 William B. Federman (WF9124)
                                                 10205 N. Pennsylvania Avenue
                                                 Oklahoma City, OK  73120
                                                 Telephone:  (405) 235-1560
                                                 Facsimile:  (405) 239-2112
                                                 *wbf@federmanlaw.com*
                                                        - and –
                                                 2626 Maple Avenue, Suite 200
                                                 Dallas, TX  75201