# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In Re Canon<br>Inkjet Printer Litigation | Case No.: 2:14-cv-03235-LDW-SIL<br><br>**CLASS ACTION** |

## PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF THE CLASS ACTION SETTLEMENT

Benjamin F. Johns
Joseph B. Kenney
CHIMICLES & TIKELLIS LLP
One Haverford Centre
361 West Lancaster Avenue
Haverford, PA 19041
Telephone: (610) 642-8500
Facsimile: (610) 649-3633
Email: BFJ@chimicles.com
  JBK@chimicles.com

William B. Federman
FEDERMAN & SHERWOOD
10205 N. Pennsylvania Avenue
Oklahoma City, OK 73120
Telephone: (405) 235-1560
Facsimile: (405) 239-2112
Email: WBF@federmanlaw.com

*Co-Lead Counsel for Plaintiffs*

# TABLE OF CONTENTS

I.     INTRODUCTION ................................................................................................. 1

II.    FACTUAL BACKGROUND ................................................................................ 2

    A.    Plaintiffs' Allegations and Pre-Litigation Investigation .......................... 2

    B.    Terms of the Settlement Agreement ........................................................ 4

    C.    Notification to Settlement Class Members ............................................... 5

    D.    The Release ............................................................................................. 7

III.   ARGUMENT ....................................................................................................... 7

    A.    The Settlement Should Be Preliminarily Approved By the Court ............ 9

    B.    Certification of the Proposed Class for Purposes of Settlement Only is
           Appropriate ........................................................................................... 10

          1.    Numerosity Under Rule 23(a)(1) ............................................... 12

          2.    Commonality Under Rule 23(a)(2) ............................................. 12

          3.    Typicality Under Rule 23(a)(3) .................................................. 13

          4.    Adequacy of Representation Under Rule 23(a)(4) ..................... 14

          5.    The Requirements of Rule 23(b)(3) Are Met ............................. 15

    C.    The Court Should Approve the Notice Plan ........................................... 18

    D.    A Final Approval Hearing Should be Scheduled .................................... 19

IV.    CONCLUSION .................................................................................................. 20

# TABLE OF AUTHORITIES

**Cases**

*Amchem Prods. v. Windsor*, 521 U.S. 591 (1997) .............................................................. 10, 11, 15

*Bodon v. Domino's Pizza, LLC, No. 09-CV-2941,* 2014 U.S. Dist. LEXIS 99868 (E.D.N.Y. June 25, 2014) ........................................................................................................................ 13, 18

*Consol. Rail Corp. v. Hyde Park.*, 47 F.3d 473 (2d Cir. 1995) ..................................................... 12

*DeBoer v. Mellon Mortgage Co.*, 64 F.3d 1171 (8th Cir. 1995) ................................................... 18

*Dewey v. Volkswagen of Am.*, 728 F. Supp. 2d 546 (D.N.J. 2010) ........................................ 11, 16

*Ehrheart v. Verizon Wireless*, 609 F.3d 590 (3d Cir. 2010) ........................................................ 19

*Fidel v. Farley*, 534 F.3d 508 (6th Cir. 2008) ............................................................................. 18

*Henderson v. Volvo Cars of N. Am., LLC*, 2013 U.S. Dist. LEXIS 46291, 2013 WL 1192479 (D.N.J. Mar. 22, 2013) ......................................................................................... 12, 13, 15, 17

*In re Am. Med. Sys., Inc.*, 75 F.3d 1069 (6th Cir. 1996) ............................................................... 15

*In re Countrywide Fin. Corp. Customer Data Sec. Breach Litig.,* 2009 U.S. Dist. LEXIS 119870 ................................................................................................................................ 15, 17, 18

*In re Flag Telecom Holdings, Ltd. Sec. Litig.*, 574 F.3d 29 (2d Cir. 2009) .................................. 13

*In re Gilat Satellite Networks, Ltd.*, No. CV-02-1510 CPS, 2007 WL 1191048 (E.D.N.Y. Apr. 19, 2007) ........................................................................................................................... 10

*In re Ins. Brokerage Antitrust Litig.*, 579 F.3d 241 (3d Cir. 2009) .............................................. 17

*In re Inter-Op Hip Prosthesis Liability Litig.*, 204 F.R.D. 330 (N.D. Ohio 2001) ..................... 8, 9

*In re Metlife Demutualization Litig.*, 689 F. Supp. 2d 297 (E.D.N.Y. 2010) ................................. 7

*In re Nassau Cnty. Strip Search Cases*, 461 F.3d 219, 229 (2d Cir. 2006) ................................. 18

*In re PaineWebber Ltd. P'ships Litig.*, 147 F.3d 132 (2d Cir. 1998) .............................................. 7

*In re Top Tankers, Inc. Sec. Litig.*, No. 06 Civ. 13761, 2008 U.S. Dist. LEXIS 58106, 2008 WL 2944620 (S.D.N.Y. July 31, 2008) .............................................................................. 7

*Katz v. ABP Corp., No. 12-CV-04173,* 2014 U.S. Dist. LEXIS 141223, 2014 WL 4966052 (E.D.N.Y. Oct. 3, 2014), ........................................................................................................ 7

*Kelen v. World Fin. Network Nat. Bank*, 302 F.R.D. 56 (S.D.N.Y. 2014) ..................................... 7

*Keller v. AXA Equitable Life Ins. Co.*, 12-CV-4565, 2013 U.S. Dist. LEXIS 174164 (S.D.N.Y. Dec. 12, 2013)................................................................................................................... 13

*Labbate-D'Alauro v. GC Servs. Ltd.* Pshp., 168 F.R.D. 451 (E.D.N.Y. 1996)............................ 16

*Lucas v. Kmart Corp.*, 234 F.R.D. 688 (D. Colo. 2006)................................................................. 8

*Marisol. A. v. Giuliani*, 126 F.3d 372, 378 (2d. Cir. 1997) ........................................................ 14

*Ohio Public Interest Campaign v. Fisher Foods, Inc.*, 546 F. Supp. 1 (N.D. Ohio 1982)........... 10

*Passafiume v. NRA Group, LLC*, 274 F.R.D. 424 (E.D.N.Y. 2010)............................. 7, 13, 14, 19

*Reade-Alvarez v. Eltman, Eltman & Cooper, P.C.*, 237 F.R.D. 26 (E.D.N.Y. 2006) ........... 10, 19

*Ritti v. U-Haul Int'l., Inc., 05-4182,* 2006 U.S. Dist. LEXIS 23393 (E.D. Pa. Apr. 26, 2006) .... 14

*Robidoux v. Celani*, 987 F.2d 931 (2d Cir. 1993)........................................................................ 13

*Sullivan v. DB Invs., Inc.*, 667 F.3d 273 (3d Cir. 2011)......................................................... 16, 17

*Tardiff v. Knox County*, 365 F.3d 1 (1st Cir. 2004) ..................................................................... 18

*Torres v. Toback, Bernstein & Reiss LLP, No. 11-1368,* 2014 U.S. Dist. LEXIS 36925 (E.D.N.Y. Mar. 14, 2014) ............................................................................ 12, 13, 16

*Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541 (2011) ............................................................ 12

*Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96 (2d Cir. 2005) ......................................... 7

**Statutes**

28 U.S.C. § 1715(b) .................................................................................................................. 9, 20

28 U.S.C. § 1715(d) ...................................................................................................................... 20

**Rules**

Fed. R. Civ. P. 23 ...................................................................................................................... 10, 17

Fed. R. Civ. P. 23(a) ................................................................................... 8, 11, 15, 16, 19, 21

Fed. R. Civ. P. 23(a)(1).................................................................................................................. 11

Fed. R. Civ. P. 23(a)(2)................................................................................................. 12, 15

Fed. R. Civ. P. (a)(3)........................................................................................................ 13

Fed. R. Civ. P. 23(a)(4)..................................................................................................... 15

Fed. R. Civ. P. 23(b)......................................................................................................... 11

Fed. R. Civ. P. (b)(3)............................................................................. 8, 11, 15, 16, 17, 18, 20

Fed. R. Civ. P. 23(b)(3)(D)................................................................................................ 17

Fed. R. Civ. P. 23(g)......................................................................................................... 16

Fed. R. Civ. P. 23(c)(2)(B) ........................................................................................... 19, 20

Fed. R. Civ. P. 23(e) .................................................................................................. 1, 8, 18

Fed. R. Civ. P. 23(e)(1)...................................................................................................... 8

Fed. R. Civ. P. 23(e)(2).................................................................................................... 7, 8

## **Other Authorities**

4 Newberg on Class Actions § 11.26.................................................................................... 8

*Manual for Complex Litig.*, § 30.41, at 236-37 (3rd ed. 1995)..................................................... 8

*Manual for Complex Litigation* § 21.632 (4th ed. 2004)........................................................... 18

*Manual for Complex Litig.* Fourth, § 30.212 (2004) ................................................................. 18

*Manual for Complex Litig.* Fourth, § 30.44 (2004) .................................................................. 19

# I.    INTRODUCTION

Plaintiffs Sarah Barrett, Marcus Ho, and Melanie Clark ("Plaintiffs") respectfully submit this Memorandum in support of their Unopposed Motion Seeking Entry of an Order Preliminarily Approving the Proposed Class Action Settlement, as memorialized in the Stipulation and Agreement of Settlement (the "Settlement Agreement" or "SA"),[1] that was executed on June 15, 2015 with Defendant Canon U.S.A., Inc. ("Defendant" or "Canon"). The Settlement Agreement and its exhibits are attached as Exhibit 1 to the Declaration of William B. Federman submitted herewith.

As detailed below, the Court should preliminarily approve the Settlement Agreement because, among other things, it provides substantial benefits to Settlement Class Members, includes a comprehensive Notice Plan, and satisfies the requirements of FED. R. CIV. P. 23(e). The settlement represents a fair, reasonable, and adequate result for Settlement Class Members: While Canon continues to deny that its printers suffer from any defect, it has agreed, with respect to certain of its inkjet printer models ("Printers"), to extend the warranty period with respect to Print Head Issues – defined in the Settlement Agreement as issues involving the print head installed in a Printer and/or related to a U052 error message displayed by a Printer–by nine (9) months from the date the original one-year warranty would have expired. In addition, Canon has agreed to reimburse eligible and participating Settlement Class Members with their choice of either (a) a cash payment of up to $50.00, or (b) a voucher valued at up to $75.00 at the online Canon store. This ensures that eligible and participating Settlement Class Members who actually experienced a Print Head Issue will be fairly compensated.

---

[1]  The capitalized terms used in this Memorandum are defined in the Settlement Agreement.

## II.    FACTUAL BACKGROUND

### A.    Plaintiffs' Allegations and Pre-Litigation Investigation

This class action lawsuit was initially commenced on May 23, 2014, by Plaintiff Sarah Barrett. [Doc. 1].[2]  The case was filed only after an extensive pre-suit investigation by Plaintiffs' counsel that began months before the case was filed.  This investigation included speaking with putative class members, reviewing their documents, researching publicly available information about the alleged defects in the printers and print heads, and inspecting affected printers.  As discussed in more detail below, Plaintiffs' counsel also retained an expert to develop the factual and legal theories in the complaint, assist with discovery and document review as well as develop questions, and to better understand the alleged defect.

The operative Consolidated Class Action Complaint (the "Complaint") was filed on September 15, 2014.  [Doc. 22].  It was brought by three named Plaintiffs who are among the thousands of purchasers of the allegedly defective printers.[3]  The Complaint alleged that the Printers contained an undisclosed defect that manifests itself by displaying the "U052" coded error message – "The type of print head is incorrect.  Install the correct print head."  [Complaint at ¶¶ 1, 10-11].  According to the Complaint, when this error message appears, the Printers abruptly stop

_____

[2] By Stipulation and Order filed August 7, 2014, Plaintiff Barrett's case was consolidated with those of Plaintiffs Marcus Ho and Michael Robertson, and Plaintiffs were allowed to file a Consolidated Class Action Complaint. [Doc. 17-1]. Michael Robertson is not a plaintiff included in the Consolidated Class Action Complaint.

[3] The printers covered by the Settlement include the following Canon-brand PIXMA inkjet printer models:  iP3600, iP4700, iP4820, iP4920, iX6520, iX7000, MG5120, MG5220, MG5320, MG6120, MG6220, MG8120, MG8220, MP500, MP530, MP560, MP600, MP610, MP620, MP640, MP730, MP800, MP960, MP970, MP990, MX700, MX712, MX850, MX860, MX870, MX882, MX892, MX7600, PRO9000MKII and PRO9500MKII, including all models that are derivatives of the models identified above and which are signified by a suffix following the model numbers set forth above ("Printers").

working, and all printing functions are disabled.  *Id.*  The Complaint alleges that the Printers fail long before the end of their useful lives.  The Complaint included numerous consumer complaints about the alleged defect.  [Complaint at ¶ 25].  Plaintiffs asserted that Canon had actual knowledge of the defect in the Printers, but failed to disclose the defect to consumers.  [Complaint at ¶¶ 13-15].  Plaintiffs brought the Complaint on behalf of a nationwide class of purchasers of the Printers, and/or subclasses of purchasers in the States of New York, California and Virginia.  [Complaint at ¶ 26].  Plaintiffs asserted causes of action for breach of express warranty, breach of the implied warranty of merchantability, and unjust enrichment, as well as for violations of the consumer protection laws of the subclass States.  [Complaint at ¶¶ 34-86].

On August 14, 2014, and at Canon's invitation, counsel for the parties participated in a lengthy in-person meet and confer about the direction of the case.  During these discussions, the parties explored the background to the litigation, consumer complaints and possible early resolution of the case.  Since that meeting, the parties have engaged in extensive settlement discussions.  As part of the negotiations, Plaintiffs requested and Canon voluntarily produced voluminous and comprehensive data regarding the Printers at issue and the allegations in the Complaint.[4]  Plaintiffs' counsel, with the assistance of an expert, reviewed and analyzed the data produced by Canon. Significantly, the Settlement was only executed by the parties after Plaintiffs' counsel had conducted an in-person confirmatory interview of one of Canon's representatives to confirm that its terms were fair, reasonable and adequate for the Settlement Class.  During this interview, which occurred in New York City on April 7, 2015 and was attended by both Canon's in-house and outside counsel, Plaintiffs' counsel pursued questions regarding the Printers and Print

---

[4] The progress of the negotiations led the parties to jointly request that the Court stay the action pending possible resolution.  [Doc. 26].  The requested stay was granted and has since been extended by the Court.  [Doc. 27].

Head Issue, and discussed many of the documents voluntarily produced by Canon in this case. This interview confirmed that this Settlement is in the best interest of Plaintiffs and the Settlement Class, and should be approved by the Court.

**B.**     **Terms of the Settlement Agreement**

If approved, the proposed settlement will provide substantial benefits to the following nationwide Settlement Class of purchasers of the Printers: all persons who purchased one or more of the Printers (i) in new condition from either Canon or an authorized Printer reseller, or (ii) in refurbished condition directly from Canon.[5] The valuable benefits made available pursuant to the settlement squarely address the issues raised in the litigation and provide very significant relief to the proposed Settlement Class Members. Canon has agreed to provide the following relief to purchasers of the Printers who fill out and timely submit valid claim forms:

•     **Extension of the Limited Warranty:** Canon has agreed to extend the warranty for the Printers by nine (9) months from the expiration date of the original one-year warranty. The extended warranty shall be limited to the Print Head Issue, including the U052 error message issue addressed in the Complaint. To the extent that the nine-month extension of a warranty would operate to extend such warranty into the future (*i.e.,* beyond the effective date of the settlement) and the Printer purchaser possessing such warranty has not experienced a Print Head Issue as of the effective date, such purchaser shall not be required to submit a claim form in order to make a warranty claim if a Print Head Issue arises prior to the expiration of the nine-month extension period of the purchaser's warranty. .

•     **Cash Payment/Store Voucher:** After submission of an accepted claim, a purchaser shall be entitled to choose between (a) a cash payment of up to $50.00; or (b) a voucher

---

[5] The Settlement Class excludes Canon and its directors, as well as any related entity.

valued at up to $75.00[6] redeemable at the Canon online store.[7]  The vouchers shall be fully transferrable, and may be used to purchase any item offered for sale at the Canon online store.  The settlement provides that the aggregate value of such cash payments and vouchers shall not exceed the amount of $930,000 (the "Settlement Fund").  In the event that the Settlement Fund is not sufficient to pay all claims, the cash payments and the vouchers shall be disbursed to Settlement Class Members on a *pro rata* basis.

In addition, Canon agrees not to oppose Class counsels' application for attorneys' fees and expenses in an amount no more than $370,000.  Canon also agrees not to oppose incentive awards for each of the three named Plaintiffs in an amount of no more than $250.00 per Plaintiff.

### C.    Notification to Settlement Class Members

The Settlement Agreement contains a comprehensive notice program which, subject to Court approval, will be paid for and administered by Canon.  Canon has selected the Angeion Group (hereafter the "Claims Administrator") as the Claims Administrator.[8]  The notice program includes the following:

•    Canon is to provide the Claims Administrator with a list of all purchasers of the Printers who Canon USA is able to identify from (a) its database reflecting those purchasers who registered their Printers with Canon, and (b) its database reflecting those purchasers who contacted Canon seeking service or other assistance concerning their Printers.  The list shall contain, to the

---

[6] The manufacturers suggested retail price ("MSRP") for the Printers ranges from $79.99 to $749.99, with an average MSRP of $243.13.  The most common MSRP for the Printers is $199.99.

[7] Purchasers of the Printers who contacted Canon for assistance with the Print Head Issue and received either a replacement print head or a new printer in response are not eligible to receive either a cash payment or a store voucher.

[8] A true and correct copy of Angeion's firm resume is attached to the Declaration of William B. Federman as Exhibit 2.

extent available, (a) the purchaser's name and last-known home address, (b) the purchaser's last-known telephone number(s), and (c) the purchaser's last-known email address. The list is to be provided by Canon to the Claims Administrator after the Court's entry of an Order preliminarily approving the settlement. *Id.*

•     Subject to the approval of the Court, the Claims Administrator shall provide notice to the Settlement Class, pursuant to the notice program, no later than ten (10) days after the Claims Administrator receives the purchaser contact information from Canon. The notice will be provided to the purchasers by each of the following methods:

(1)     mailing to each purchaser for whom a mailing address has been provided to the Claims Administrator a postcard containing the Summary Class Notice;

(2)     emailing the Summary Class Notice to each purchaser for whom an email address has been provided to the Claims Administrator; and

(3)     publishing a 1/8 page advertisement containing the Summary Class Notice on a single occasion in a single edition of the newspaper *USA Today*.

•     Canon has also agreed to include on its website a readily-accessible product advisory directing consumers to the Claims Administrator's settlement website for claims information. The product advisory will remain on Canon's website for the duration of the claims filing period.

•     Class counsel will publish an agreed statement regarding the settlement on their websites, which statement will include a link to the Claims Administrators' settlement website.

The Settlement Agreement provides that the Settlement Class Members shall be given sixty (60) days after the Notice Date within which to file Objections or Requests for Exclusion. Settlement Class Members will have seventy-two (72) days after the Notice Date to submit a valid Claim Form.

### D. The Release

In exchange for the foregoing, Plaintiffs and Settlement Class Members who do not timely exclude themselves will be bound by a release applicable to all claims arising out of or relating to a Print Head Issue experienced by the Printers. The release will extend to Canon and its related entities and persons. The settlement will also result in the dismissal of this case with prejudice.

## III. ARGUMENT

The Second Circuit has long recognized the existence of a "strong judicial policy in favor of settlements, particularly in the class action context." *Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 117 (2d Cir. 2005) (quoting *In re PaineWebber Ltd. P'ships Litig*., 147 F.3d 132, 138 (2d Cir. 1998)). Indeed, "class action suits readily lend themselves to compromise because of the difficulties of proof, the uncertainties of the outcome, and the typical length of the litigation." *In re Metlife Demutualization Litig*., 689 F. Supp. 2d 297, 330 (E.D.N.Y. 2010) (quoting *In re Top Tankers, Inc. Sec. Litig*., No. 06 Civ. 13761, 2008 U.S. Dist. LEXIS 58106, 2008 WL 2944620, at *3 (S.D.N.Y. July 31, 2008)) (internal quotations omitted).

Before a settlement of a class action can receive approval, the Court must determine that it is "fair, reasonable, and adequate." *See* Fed. R. Civ. P. 23(e)(2). This involves a multi-step process. *See Passafiume v. NRA Group, LLC*, 274 F.R.D. 424, 430 (E.D.N.Y. 2010). The first step is to make a preliminary evaluation into the fairness of the settlement to determine whether it should receive preliminary approval. *Id.* At this stage, the issues are whether the settlement "appear[s] to fall within the range of possible approval, and [whether] the Court finds probable cause to submit the [proposed settlement] to class members and hold a full-scale hearing as to its fairness." *Katz v. ABP Corp*., No. 12-CV-04173, 2014 U.S. Dist. LEXIS 141223, 2014 WL 4966052 at *7 (E.D.N.Y. Oct. 3, 2014) (quoting *Kelen v. World Fin. Network Nat. Bank*, 302 F.R.D. 56, 68 (S.D.N.Y. 2014)) (internal quotations omitted). The purpose of the Court's

preliminary evaluation of proposed class action settlements is to determine whether the settlement is within the "range of reasonableness." [9]   4 *Newberg on Class Actions* § 11.26.

Once the Court has made the determination that preliminary approval of the settlement is warranted, the next step is to "direct notice in a reasonable manner to all class members who would be bound by the proposal." *See* FED. R. CIV. P. 23(e)(1).  In this vein, the Court must also schedule a final fairness hearing, at which it may decide whether to grant final approval to the settlement. *See* FED. R. CIV. P. 23(e)(2).

Because there are no "obvious deficiencies" in the settlement, the settlement is well within the range of possible approval, and there are sufficient grounds to submit it to Settlement Class Members, the standards for granting preliminary approval are readily satisfied here.  Plaintiffs respectfully submit that this settlement is fair, adequate, and reasonable; that the requirements for final approval will be satisfied; and that Settlement Class Members will be provided with notice in a manner that satisfies the requirements of due process and FED. R. CIV. P. 23(e).  Therefore, this Court is respectfully requested to enter the proposed order granting preliminary approval, which will: (i) grant preliminary approval of the proposed settlement; (ii) certify the Settlement Class pursuant to FED. R. CIV. P. 23(a) and (b)(3); (iii) schedule a Final Approval Hearing to consider final approval; and (iv) direct that notice of the proposed settlement and hearing be provided to Settlement Class Members in a manner consistent with the notice program in the

---

[9] *See also,  In re Inter-Op Hip Prosthesis Liab. Litig.*, 204 F.R.D. 330, 35 (N.D. Ohio 2001) (preliminary approval should be granted if there are no "grounds to doubt [the settlement's] fairness or other obvious deficiencies") (quoting Fed. Jud. Ctr., *Manual for Complex Litig.*, § 30.41, at 236-37 (3rd ed. 1995)); *Lucas v. Kmart Corp.*, 234 F.R.D. 688, 693 (D. Colo. 2006) ("[t]he purpose of the preliminary approval process is to determine whether there is any reason not to notify the class members of the proposed settlement and to proceed with a fairness hearing.") (citations omitted; emphasis supplied).

Settlement Agreement. The proposed order submitted herewith contains the following suggested

schedule for the remaining events necessary for the settlement to receive final approval:

| | Event | Timing |
|---|---|---|
| 1 | Canon to provide the notice required by CAFA  28 U.S.C. § 1715(b)) | Within ten (10) days after Settlement Agreement is filed with theCourt |
| 2 | Counsel for Canon to provide the Claims Administrator with a list of all purchasers of the Printers who Canon USA is able to identify from its databases (SA § 6(C)) | No later than thirty (30) days after the Court's entry of an Order constituting its Preliminary Approval of Settlement |
| 3 | Claims Administrator to provide notice to the Settlement Class pursuant to the Notice Plan (SA § 6(D(1)-(4)) (the "**Notice Date**") | No later than ten (10) business days after the Claims Administrator receives the contact information for Printer purchasers from Canon |
| 4 | Deadline for Filing Objections or Requests for Exclusion (i.e., "opt-outs") (SA at §1 (Q)) | Sixty (60) days after the Notice Date |
| 5 | Filing of Plaintiffs' Request for Attorneys' Fees, Expenses, and Incentive Award for Plaintiffs | At least fourteen (14) days before the Deadline for Filing Objections |
| 6 | Filing of Motion, Brief and Supporting Materials Seeking Final Approval of the Settlement | At least fourteen (14) days before the Final Approval Hearing Scheduled by the Court |
| 7 | Deadline for filing Claim Forms (SA § 6(G)) | Seventy-Two (72) days after the Notice Date |
| 8 | Claims Administrator to distribute the Awards to be made to eligible Settlement Class Members pursuant to terms of Settlement Agreement. (SA §§ 6(N)) | Within twenty (20) days of the Effective Date of Settlement |

### A.     The Settlement Should Be Preliminarily Approved By the Court

Unlike at the final approval stage, "the Court, at [the preliminary approval] juncture, is not

obligated to, nor could it reasonably, undertake a full and complete fairness review." *In re Inter-*

*Op,* 204 F.R.D. at 350.  Instead, "the Court's duty is to conduct a threshold examination of the

overall fairness and adequacy of the settlement in light of the likely outcome and the cost of continued litigation." *Id.* (citing *Ohio Public Interest Campaign v. Fisher Foods, Inc.*, 546 F. Supp. 1, 7 (N.D. Ohio 1982)). As discussed above, "[p]reliminary approval of a proposed settlement is appropriate where it is the result of serious, informed, and non-collusive negotiations, where there are no grounds to doubt its fairness and no other obvious deficiencies (such as unduly preferential treatment of class representatives or of segments of the class, or excessive compensation for attorneys), and where the settlement appears to fall within the range of possible approval.*" In re Gilat Satellite Networks, Ltd.*, No. CV-02-1510 CPS, 2007 WL 1191048, at *9 (E.D.N.Y. Apr. 19, 2007) (citations omitted).

In light of these standards, the criteria for granting preliminary approval of this complex class action lawsuit are met. The settlement was reached as a result of extensive, arm's length negotiations between experienced counsel, and the review by Plaintiffs' counsel and their expert of voluminous data voluntarily provided by Canon. Plaintiffs' counsels' assessment of the settlement included the in-person interview of a Canon representative, as discussed above. Counsel for both parties believe the settlement is in the best interests of their respective clients. The settlement will also remove the uncertainties and risks to both parties from proceeding further in the litigation. For these reasons, preliminary approval should be granted.

**B.      Certification of the Proposed Class for Purposes of Settlement Only is Appropriate**

This Court has stated that, so long as the requirements of Fed. R. Civ. P. 23 are met, "[c]ertification of a class for settlement purposes only is permissible and appropriate,…" *Reade-Alvarez v. Eltman, Eltman & Cooper, P.C.*, 237 F.R.D. 26, 31 (E.D.N.Y. 2006) (citing *Amchem*

*Prods. v. Windsor*, 521 U.S. 591, 619-21 (1997). As such, Plaintiffs seek the conditional certification of the Settlement Class set forth above and in the Settlement Agreement.[10]

"For the Court to certify a class, the plaintiffs must satisfy all of the requirements of Rule 23(a), and one of the requirements of Rule 23(b)." *Dewey v. Volkswagen of Am.*, 728 F. Supp. 2d 546, 564 (D.N.J. 2010). The four requirements of FED. R. CIV. P. 23(a) are numerosity, commonality, typicality, and adequacy. In addition, Plaintiffs seek certification of the Settlement Class pursuant to Rule 23(b)(3), which provides that certification is appropriate where "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members [predominance], and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy [superiority]." FED. R. CIV. P. 23(b)(3).

As discussed below, these requirements are met for purposes of settlement in this case. The Settlement Agreement proposes to give Settlement Class Members prompt and certain relief – via their choice of a cash payment or voucher. This relief is particularly valuable given the litigation risks presented by this case. Canon's position regarding its anticipated motion to dismiss and motion to strike the class allegations are set forth in the letter submitted at Docket Entry No. 25. Under the circumstances, the settlement is more than fair, reasonable and adequate for Plaintiffs and Settlement Class Members.

---

[10] Canon has agreed to certification of the class in this case for settlement purposes only. In the event that the Court does not approve the settlement, Canon will argue that certification is improper because the requirements of FED. R. CIV. P. 23 cannot be met other than for purposes of settlement.

### 1. Numerosity Under Rule 23(a)(1)

Rule 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable." FED. R. CIV. P. 23(a)(1). "In the Second Circuit, numerosity is presumed if the putative class consists of more than 40 individuals." *Torres v. Toback, Bernstein & Reiss LLP*, No. 11-1368, 2014 U.S. Dist. LEXIS 36925, at *10 (E.D.N.Y. Mar. 14, 2014) (citing *Consol. Rail Corp. v. Hyde Park*., 47 F.3d 473, 482-83 (2d Cir. 1995). Here, well over a million Printers were sold. Numerosity is, therefore, satisfied for settlement purposes.

### 2. Commonality Under Rule 23(a)(2)

Rule 23(a)(2) requires that there be "questions of law or fact common to the class." FED. R. CIV. P. 23(a)(2). The Supreme Court has stated that Rule 23(a)(2)'s commonality requirement is satisfied where the plaintiffs assert claims that "depend upon a common contention" that is "of such a nature that it is capable of classwide resolution -- which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2556 (2011). Both the majority and dissenting opinions in that case agreed that "for purposes of Rule 23(a)(2) even a single common question will do." *Id*. at 2556. This Court has described the commonality threshold as a "low bar." *Torres*, 2014 U.S. Dist. LEXIS 36925, at *14.

In this case, there are a myriad of common questions of law and fact, such as whether the Printers suffer from a uniform design defect, whether Canon had a duty to disclose this alleged defect to consumers and whether Plaintiffs have actionable claims. Commonality is, therefore, satisfied for settlement purposes. *See Henderson v. Volvo Cars of N. Am., LLC*, No. 09-4146 (CCC), 2013 U.S. Dist. LEXIS 46291, *12-13, 2013 WL 1192479 (D.N.J. Mar. 22, 2013) ("Several common questions of law and fact exist in this case, including whether the transmissions in the Class Vehicles suffered from a design defect, whether Volvo had a duty to disclose the

alleged defect, whether the warranty limitations on Class Vehicles are unconscionable or otherwise

unenforceable, and whether Plaintiffs have actionable claims."); *Bodon v. Domino's Pizza, LLC*,

No. 09-CV-2941, 2014 U.S. Dist. LEXIS 99868, at *10-11 (E.D.N.Y. June 25, 2014) ("Class

certification is appropriate because plaintiffs have alleged that 11,000 Settlement Class Members

suffered a common injury, stemming from Domino's purportedly uniform employment policies

and practices.").

### 3. Typicality Under Rule 23(a)(3)

Rule 23(a)(3) requires that a representative plaintiff's claims be "typical" of those of other

class members. FED. R. CIV. P. 23(a)(3). "[T]ypicality does not require that the representatives'

claims be identical to those of the class members." *Torres*, 2014 U.S. Dist. LEXIS 36925, at *19

(quoting *Keller v. AXA Equitable Life Ins. Co.,* 12-CV-4565, 2013 U.S. Dist. LEXIS 174164, at

*4 (S.D.N.Y. Dec. 12, 2013)) (internal quotations omitted). "Rather, the representative plaintiff

must simply show that each class member's claim arises from the same course of events and each

class member makes similar legal arguments to prove the defendant's liability." *Id* (quoting *In re*

*Flag Telecom Holdings, Ltd. Sec. Litig*., 574 F.3d 29, 35 (2d Cir. 2009)) (internal quotations

omitted). "When it is alleged that the same unlawful conduct was directed at or affected both the

named plaintiff and the class sought to be represented, the typicality requirement is usually met

irrespective of minor variations in the fact patterns underlying the individual claims." *Passafiume,*

274 F.R.D. at 429 (quoting *Robidoux v. Celani,* 987 F.2d 931, 936-37 (2d Cir. 1993)). Here, all

of Plaintiffs' claims arise out of the same alleged conduct by Canon related to its design,

manufacture and sale of the allegedly defective Printers (and its alleged failure to disclose the

alleged defect). *See Henderson,* 2013 U.S. Dist. LEXIS 46291, at *14 (typicality satisfied where

"the claims made by the named Plaintiffs and those made on behalf of Settlement Class Members

arise out of the same alleged conduct by Volvo - namely, Volvo's design, manufacture and sale of

the allegedly defective Class Vehicles and Volvo's alleged failure to disclose the defect."). The typicality requirement is, likewise, met here for settlement purposes.

### 4.    Adequacy of Representation Under Rule 23(a)(4)

The final requirement of Rule 23(a) is that "the representative part[y] will fairly and adequately protect the interests of the class." FED. R. CIV. P. 23(a)(4). This requires a plaintiff to demonstrate two elements "(1) there is no conflict of interest between the named plaintiffs and other members of the plaintiff class and (2) class counsel is qualified, experienced, and generally able to conduct the litigation." *Passafiume*, 274 F.R.D. at 429 (quoting *Marisol. A. v. Giuliani*, 126 F.3d 372, 378 (2d. Cir. 1997)) (internal quotations omitted).

In addressing the adequacy of the proposed class representative, district courts examine whether he or she "has the ability and incentive to represent the claims of the class vigorously, that he or she has obtained adequate counsel, and that there is no conflict between the individual's claims and those asserted on behalf of the class." *Ritti v. U-Haul Int'l., Inc.*, 05-4182, 2006 U.S. Dist. LEXIS 23393, at *15 (E.D. Pa. Apr. 26, 2006). Here, all of the Class Representatives are adequate, in that they purchased one of the Printers subject to the Settlement Agreement and were allegedly injured in the same manner based on the same alleged defect. They have also each actively participated in the litigation of this case, and have been in regular communication with their attorneys regarding these proceedings.

With respect to the adequacy of Class Counsel, they have invested considerable time and resources into the prosecution of this action. The Court has previously appointed the law firms of Federman & Sherwood ("F&S") and Chimicles & Tikellis ("C&T") as Co-Lead Counsel on August 14, 2014. [Doc. 19]. Class Counsel have a wealth of experience in litigating complex class action lawsuits, and were able to negotiate a settlement for the Settlement Class that is fair,

reasonable, and adequate.[11]  Indeed, in approving a class action settlement in another case brought

by C&T and others involving allegedly defective transmissions in certain Volvo vehicles, Judge

Cecchi remarked that the firm has "extensive experience litigating complex class actions and

obtaining class action settlements… [and therefore] the Court finds that Class Counsel has the

qualifications, experience, and ability to conduct the litigation [pursuant to Fed. R. Civ. P. 23(a)

and (g)]."  *Henderson*, 2013 U.S. Dist. LEXIS 46291, at *16.  Consistent with that case, based on

the results achieved here, and for the reasons previously set forth in Plaintiffs' motion for the

appointment of F&S and C&T as interim lead counsel (DE #17), the Court should appoint William

B. Federman of F&S and Benjamin F. Johns of C&T as Co-Lead Counsel for the Settlement Class,

and determine that Rule 23(a)'s adequacy requirement is satisfied for settlement purposes.

### 5.  The Requirements of Rule 23(b)(3) Are Met

Plaintiffs seek to certify the Settlement Class under Rule 23(b)(3), which has two

components: predominance and superiority.  *See* FED. R. CIV. P. 23(b)(3).  "The Rule 23(b)(3)

predominance requirement parallels the Rule 23(a)(2) commonality requirement in that both

require that common questions exist, but subdivision (b)(3) contains the more stringent

requirement that common issues 'predominate' over individual issues."  *In re Countrywide Fin.*

*Corp. Customer Data Sec. Breach Litig.*, 2009 U.S. Dist. LEXIS 119870, at *25 (quoting *In re*

*Am. Med. Sys., Inc.*, 75 F.3d 1069, 1084 (6th Cir. 1996)) (internal quotations omitted).  When

assessing predominance and superiority, the court may consider that the class will be certified for

settlement purposes only, and that a showing of manageability at trial is not required.  *See Amchem*,

521 U.S. at 618 ("Confronted with a request for settlement-only class certification, a district court

---

[11] The firm resumes of F&S and C&T are submitted herewith as Exhibits 3 and 4 to the Declaration
of William B. Federman.

need not inquire whether the case, if tried, would present intractable management problems, see Fed. R. Civ. P. 23(b)(3)(D), for the proposal is that there be no trial.").

With respect to predominance, courts have stated that the focus of the "inquiry is on whether the defendant's conduct was common as to all of the class members, and whether all of the class members were harmed by the defendant's conduct." *Sullivan v. DB Invs., Inc.,* 667 F.3d 273, 298 (3d Cir. 2011) (en banc). "To determine whether common issues predominate over questions affecting only individual members, the Court must look at each claim upon which the plaintiffs seek recovery … determine whether generalized evidence exists to prove the elements of the plaintiffs' claims on a simultaneous, class-wide basis, or whether proof will be overwhelmed by individual issues." *Dewey,* 728 F. Supp. 2d at 568.

"Class actions are found to be superior to individual trials 'when the main objectives of Rule 23 are served,' including 'the efficient resolution of the claims or liabilities of many individuals in a single action, as well as the elimination of repetitious litigation and possibly inconsistent adjudications.'" *Torres*, 2014 U.S. Dist. LEXIS 36925, at *28 (quoting *Labbate-D'Alauro v. GC Servs. Ltd. Pshp*., 168 F.R.D. 451, 458 (E.D.N.Y. 1996)). "Class actions are also often the superior form of adjudication when the remedies available to the individual class members are so small that members would lack incentives to proceed individually." *Id.* (citations omitted).

Rule 23(b)(3) provides a non-exhaustive list of factors to be considered when making this determination. These factors include: (i) the class members' interests in individually controlling the prosecution or defense of separate actions; (ii) the extent and nature of any litigation concerning the controversy already begun by or against class members; (iii) the desirability or undesirability

of concentrating the litigation of the claims in the particular forum; and (iv) the likely difficulties in managing a class action. *Id.* (quoting FED. R. CIV. P. 23(b)(3)).

Here, for settlement purposes, there are several common questions of law and fact that predominate over any questions that may affect individual Class Members. For example, were this case to proceed, the primary issue would be whether Canon is liable for distributing Printers with an alleged design defect that causes premature failure and its alleged failure to disclose it. This is an issue subject to "generalized proof," and is a "question that is common to all class members." *See Countrywide*, 2009 U.S. Dist. LEXIS 119870, at *26 ("the proof required [must focus] on Defendant's conduct, not on the conduct of individual class members."). *Accord, Sullivan*, 667 F.3d at 299; *Henderson,* 2013 U.S. Dist. LEXIS 46291, at 17-18. So too here. Accordingly, the predominance prong of Rule 23(b)(3) is satisfied for settlement purposes.

The second prong of Rule 23(b)(3) – that a class action be superior to other available methods for the fair and efficient adjudication of the controversy – is also readily satisfied for settlement purposes. *See* FED. R. CIV. P. 23(b)(3). The Settlement Agreement provides members of the Settlement Class with the ability to obtain prompt, predictable, and certain relief, and contains well-defined administrative procedures to ensure due process. This includes the right of any Settlement Class Members who are dissatisfied with the settlement to object to it or to exclude themselves. The settlement also would relieve the substantial judicial burdens that would be caused by repeated adjudication of the same issues in thousands of individualized trials against Canon by resolving this case as a class action. And because the parties seek to resolve this case through a settlement, any manageability issues that could have arisen at trial are obviated. *Sullivan*, 667 F.3d 273, 302-03 (3d Cir. 2011); *In re Ins. Brokerage Antitrust Litig.*, 579 F.3d 241, 269 (3d Cir. 2009).

Finally, the Parties are not aware of any other pending lawsuit—class action or otherwise—brought by a Settlement Class Member for the same alleged defect in the same Printers subject to this settlement. Therefore, "class status here is not only the superior means, but probably the only feasible [way]…to establish liability and perhaps damages." *In re Nassau Cnty. Strip Search Cases*, 461 F.3d 219, 229 (2d Cir. 2006) (quoting *Tardiff v. Knox County*, 365 F.3d 1, 7 (1st Cir. 2004)).

In sum, because the requirements of Rule 23(a) and Rule 23(b)(3) are satisfied for settlement purposes, certification of the proposed Settlement Class is appropriate.

### C. The Court Should Approve the Notice Plan

"Once the district court approves, preliminarily, a proposed settlement, it 'must direct the preparation of notice of the certification, proposed settlement, and date of the final fairness hearing.'" *Bodon*, 2014 U.S. Dist. LEXIS 99868, at *14 (quoting *Manual for Complex Litigation* § 21.632 (4th ed. 2004)). Pursuant to FED. R. CIV. P. 23(e), class members who would be bound by a settlement are entitled to reasonable notice before the settlement is approved by the Court. *See* Fed. Jud. Ctr., *Manual for Complex Litig*. Fourth, § 30.212 (2004). And because Plaintiffs here seek certification of the Settlement Class under Rule 23(b)(3), "the Court must direct to class members the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable efforts." *See Countrywide*, 2009 U.S. Dist. LEXIS 119870, at *42-43 (citing FED. R. CIV. P. 23(c)(2)(B)). In order to satisfy these standards and "comport with the requirements of due process, [the] notice must be 'reasonably calculated to reach interested parties.'" *Id.* at *43 (quoting *Fidel v. Farley*, 534 F.3d 508, 514 (6th Cir. 2008)); *DeBoer v. Mellon Mortgage Co.,* 64 F.3d 1171, 1176 (8th Cir. 1995) ("Notice of a settlement proposal need only be as directed by the district court... and reasonable enough to satisfy due process." ).

The notice program in this case is the best notice practicable under the circumstances to reach all Settlement Class Members. Canon itself will compile and transmit to the Claims

Administrator a list of the purchasers of the Printers for whom it has contact information, and the Claims Administrator in turn will contact those purchasers directly by mail and email regarding the settlement. Notice of the settlement will also be available on Canon's website and in an edition of *USA Today,* and information about the settlement will be posted on the respective law firm websites of Class Counsel. This notice is designed to reach as many purchasers of the allegedly defective Printers as possible, and fully comports with due process under the circumstances of this case.

Finally, the content and substance of the proposed Class Notice—which, in its various forms, are attached as Exhibits C and D to the Settlement Agreement—will include all necessary legal requirements and provide a comprehensive explanation of the settlement in simple, non-legalistic terms. *See* FED. R. CIV. P. 23(c)(2)(B); *Passafiume,* 274 F.R.D. at 431 (settlement notice "must fairly apprise the prospective members of the class of the pendency of the class action, the terms of the proposed settlement, and the options that are open to them in connection with the proceedings, including the option to withdraw from the settlement.'") (quoting *Reade-Alvarez*, 237 F.R.D. at 34). It will also provide information about the procedures that Settlement Class Members must follow if they want to object to the settlement or exclude themselves from it. Accordingly, Plaintiffs respectfully request that the Court approve the Notice Plan.

### D.     A Final Approval Hearing Should Be Scheduled

Finally, the Court should schedule a final approval hearing to decide whether to grant final approval to the settlement, address Class Counsel's request for attorneys' fees, expenses and an incentive award for the Class Representatives, consider any objections and exclusions, and determine whether to dismiss this action with prejudice. *See* Fed. Jud. Ctr., *Manual for Complex Litig.* Fourth, § 30.44 (2004); *Ehrheart v. Verizon Wireless*, 609 F.3d 590, 600 (3d Cir. 2010). Plaintiffs respectfully request that the final approval hearing be scheduled for 100 days (or shortly

after 100 days) following the dates on which the appropriate state and federal officials are served with the notification required by the Class Action Fairness Act.  *See* 28 U.S.C. § 1715(d). Assuming that this occurs within 10 days after this filing with the Court, *see* 28 U.S.C. § 1715(b), the final approval hearing can be scheduled on or shortly after September 30, 2015, because the Jewish High Holidays continue through September 23rd and it will be difficult for us to address pre-final approval hearing matters until the holidays have passed.

IV.    **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that this Court enter an Order: (1) conditionally certifying this case as a class action pursuant to FED. R. CIV. P. 23(a) and 23(b)(3) for the purpose of effectuating a class action settlement of the claims against  Canon; (2) preliminarily approving the settlement; (3) directing notice to Settlement Class Members consistent with the Notice Plan; and (4) scheduling a Final Approval Hearing.

Dated: June 15, 2015                          Respectfully submitted,


By: /s/ William B. Federman
          William B. Federman
          FEDERMAN & SHERWOOD
          10205 N. Pennsylvania Avenue
          Oklahoma City, OK  73120
          Telephone: (405) 235-1560
          Facsimile: (405) 239-2112
          Email: WBF@federmanlaw.com

          Benjamin F. Johns
          Joseph B. Kenney
          CHIMICLES & TIKELLIS LLP
          One Haverford Centre
          361 West Lancaster Avenue
          Haverford, PA 19041
          Telephone: (610) 642-8500
          Facsimile: (610) 649-3633

Email: BFJ@chimicles.com
JBK@chimicles.com

***Interim Co-Lead Counsel for Plaintiffs***

Robert Ira Harwood
HARWOOD FEFFER LLP
488 Madison Avenue
New York, NY 10022
(212) 935-7400
Fax: 212-753-3630
Email: rharwood@hfesq.com

***Plaintiffs' Liaison Counsel***

## CERTIFICATE OF SERVICE

I, William Federman, certify that I caused the foregoing to be electronically filed in this case on June 15, 2015 using the Court's CM/ECF System, thereby serving it upon all counsel of record in this case.

/s/ William B. Federman
William B. Federman