UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

IN RE CANON INKJET PRINTER LITIGATION       :     No. 2:14-cv-3235 (LDW)
                                            :
                                            :
                                            :
-----------------------------------------------------------------x

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUN 24 2015 ★
LONG ISLAND OFFICE

## [PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, CONDITIONALLY CERTIFYING SETTLEMENT CLASS, DIRECTING DISTRIBUTION OF CLASS NOTICE, APPOINTING COUNSEL FOR THE SETTLEMENT CLASS, AND SETTING HEARING FOR DETERMINATION OF FINAL APPROVAL OF CLASS ACTION SETTLEMENT

WHEREAS, Plaintiffs Sarah Barrett, Marcus Ho and Melanie Clark (collectively, the "Plaintiffs") and Defendant, Canon U.S.A., Inc. ("Canon USA"), have entered into a Stipulation and Agreement of Settlement, dated as of June 15, 2015 ("Settlement Agreement"), which is intended to resolve the above-entitled consolidated class action litigation (the "Action");

WHEREAS, the Court finds that it has jurisdiction over the Action; and

WHEREAS, the Settlement Agreement, together with the Exhibits thereto, sets forth the terms and conditions for a proposed settlement and dismissal of the Action with prejudice; and

WHEREAS, the Court has before it Plaintiffs' unopposed Motion for Preliminary Approval of Settlement and supporting Memorandum of Law, together with the Settlement Agreement and the Exhibits thereto; and

WHEREAS, the Court is satisfied that the terms and conditions set forth in the Settlement Agreement were the result of good faith, arm's length settlement negotiations between competent and experienced counsel, and is further satisfied that the requirements for granting preliminary approval of the Settlement are otherwise satisfied;

**IT IS HEREBY ORDERED** as follows:

I. **Preliminary Approval of the Settlement Agreement**

A. Unless otherwise provided herein, the terms used in this Order are defined in accordance with the definitions of such terms set forth in the Settlement Agreement.

B. The terms of the Settlement Agreement are hereby preliminarily approved, subject to further consideration at the Final Approval Hearing provided for herein. The Court finds that the Settlement Agreement and the Settlement terms set forth therein are sufficiently within the range of reasonableness, and that such Settlement Agreement and Settlement merit possible final approval. The Court further finds that notice of the proposed Settlement should be given to members of the Settlement Class in the manner provided for in this Order and pursuant to the Class Notice plan set forth in the Settlement Agreement.

II. **Conditional Certification of the Settlement Class**

A. The Court conditionally finds that: (1) the Plaintiffs are members of the Settlement Class; (2) the Plaintiffs can fairly and adequately represent the interests of the Settlement Class; and (3) the Plaintiffs' claims are typical of the claims of the Settlement Class. The Court conditionally appoints the Plaintiffs as Class Representatives for the Settlement Class.

B. The Court conditionally determines that the Settlement Class meets all applicable requirements of Fed. R. Civ. P. 23, and the Court conditionally certifies, for settlement purposes only, the following Settlement Class: all persons who purchased one or more units of the Canon-brand PIXMA inkjet printer models listed herein, either (1) in new condition from either Canon USA or one of its authorized Printer resellers , or (2) in refurbished condition directly from Canon USA. The Canon-brand PIXMA inkjet printer models referred to in the preceding sentence are the following: iP3600, iP4700, iP4820, iP4920, iX6520, iX7000, MG5120, MG5220, MG5320, MG6120, MG6220, MG8120, MG8220, MP500, MP530, MP560, MP600, MP610, MP620,

MP640, MP730, MP800, MP960, MP970, MP990, MX700, MX712, MX850, MX860, MX870, MX882, MX892, MX7600, PRO9000MKII and PRO9500MKII, including all models that are derivatives of the models identified above and which are signified by a suffix following the model numbers set forth above (collectively, the "Printers"). In addition, the following classes of persons are excluded from the Settlement Class: (1) any person who contacted Canon USA prior to the date of the Settlement Agreement seeking assistance for a Print Head Issue, and who was provided by Canon USA with a complimentary print head or complimentary printer in response to the Print Head Issue; (2) any person who files a valid and timely Request for Exclusion from the Settlement Class; and (3) any Judge to whom this Action is assigned and any member of his/her immediately family.

### III. Appointment of Class Counsel

    A.    The Court hereby appoints the following as Class Counsel for the Settlement Class:

Benjamin F. Johns, Esq.
Chimicles & Tikellis LLP
One Haverford Centre
361 West Lancaster Avenue
Haverford, PA 19041

-and-

William B. Federman, Esq.
Federman & Sherwood
10205 N. Pennsylvania Avenue
Oklahoma City, OK 73120

    B.    In appointing Class Counsel for the Settlement Class, the Court has considered the work that such counsel have performed in representing the Plaintiffs. The Court finds, pursuant to Fed. R. Civ. P. 23(g), that such counsel: (1) have extensive experience in handling class actions, other complex litigation, and the types of claims asserted in this Action; (2) have demonstrated

their knowledge of the applicable law; and (3) have committed, and will continue to commit, adequate resources to representing the Settlement Class.

### IV. Final Approval Hearing and Related Deadlines

A. The Court hereby sets a Final Approval Hearing to: (1) finally determine whether the Settlement Class satisfies the requirements of Fed. R. Civ. P. 23 and should be finally certified for settlement purposes only; (2) review objections, if any, to the Settlement Agreement and the Settlement terms set forth therein; (3) consider the fairness, reasonableness and adequacy of the Settlement; (4) consider Class Counsel's application for an award of attorneys' fees and expenses; (5) consider Class Counsel's application for Incentive Awards to the Plaintiffs; (6) determine the validity of any Requests for Exclusion from the Settlement Class, and exclude from the Settlement Class those persons who submitted a valid and timely Request for Exclusion; and (7) consider whether the Court shall issue a final order and judgment approving the settlement and dismissing the Action with prejudice pursuant to Fed. R. Civ. P. 54(b).

B. The Final Approval Hearing is scheduled for 11 a.m./~~p.m.~~ on NOVEMBER 2, 2015 ("Final Approval Hearing Date") in Courtroom 940 at 100 ~~944~~ Federal Plaza, Central Islip, New York 11722.

C. The Court further sets the following additional deadlines:

(1) Class Notice shall be provided to the Settlement Class by the Claims Administrator no later than forty-five (45) days after entry of this Order (the "Notice Date");

(2) Requests for Exclusion from the Settlement Class and Objections to the Settlement shall be delivered to the Claims Administrator and/or postmarked no later than sixty (60) days after the Notice Date (the "Opt-Out and Objection Deadline");

4

(3) All Claim Forms shall be delivered to the Claims Administrator and/or postmarked no later than seventy-two (72) days after the Notice Date (the "Claims Deadline");

(4) Any applications for attorneys' fees and expenses and Incentive Awards shall be filed at least fourteen (14) days before the Opt-Out and Objection Deadline;

(5) All briefing and/or other papers to be submitted in support of any Objection to the Settlement shall be filed at least thirty (30) days before the Final Approval Hearing Date; and

(6) All briefing and/or other papers to be submitted in support of final approval of the Settlement, or in opposition to any Objection to the Settlement, shall be filed at least fourteen (14) days before the Final Approval Hearing Date;

D. The Final Approval Hearing Date shall be subject to adjournment by the Court without further notice to the members of the Settlement Class, other than that which may be posted by the Court. Class Counsel shall advise members of the Settlement Class of any scheduling changes by means of a posting on the Settlement Website.

V. **Notice to Settlement Class**

A. The Court finds that the Notice Program (1) meets the requirements of Fed. R. Civ. P. 23(c)(3) and due process; (2) is the best practicable notice under the circumstances; (3) is reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the Action and their right to object to the Settlement or opt-out of the Settlement Class; and (4) is reasonable and constitutes due, adequate and sufficient notice to all those entitled to receive notice of the Settlement.

B. The Court further finds, pursuant to Fed. R. Civ. P. 23(c)(2), that the proposed Summary Class Notice and Class Notice inform members of the Settlement Class of their rights in

the Action. The Summary Class Notice and Class Notice clearly and concisely state (1) the nature of the Action; (2) the class definition; (3) the class claims; (4) that the Settlement Class member may appear through counsel; (5) that the Court shall exclude from the Settlement Class any potential member who requests exclusion; (6) the time and manner for requesting exclusion from the Settlement Class; and (7) the binding effect of a class judgment on Settlement Class members.

C. The Court hereby approves the Notice Program, Summary Class Notice, Class Notice and Claim Form as set forth in the Settlement Agreement and as attached as Exhibits to the Settlement Agreement. The Claims Administrator shall cause the Summary Class Notice and Class Notice to be disseminated in the manner set forth in the Notice Program on the Notice Date. Prior to the Final Approval Hearing, the Claims Administrator shall file with the Court a sworn statement attesting to compliance with the Notice Program.

D. The Court hereby authorizes the Parties' counsel to retain Angeion Group as the Claims Administrator, in accordance with the terms of the Settlement Agreement and this Order.

## VI. Opt-Out Provision

A. Potential Settlement Class members are permitted to opt-out of the settlement by requesting exclusion from the Settlement Class. Any potential Settlement Class member who wishes to be excluded from the Settlement Class must comply with the terms for requesting exclusion from the Settlement Class as set forth in the Settlement Agreement, by forwarding a written Request for Exclusion to the Claims Administrator on or before the Opt-Out and Objection Deadline. Any such Request for Exclusion must fully comply with the requirements for such document as set forth in the Settlement Agreement. Settlement Class members may not file mass or class-wide Requests for Exclusion, and must do so individually.

B.  Any potential Settlement Class member who does not validly and timely request exclusion from the Settlement Class shall be bound by all proceedings, orders and judgments in the Action, whether or not such person objected to the Settlement and whether or not such person sought or received an Award pursuant to the Settlement Agreement.

**VII.  Objection to Settlement**

A.  Any member of the Settlement Class may, but need not, submit comments or objections concerning the Settlement. Any Settlement Class member may object to the fairness, reasonableness or adequacy of (1) any of the terms of the Settlement; (2) entry of a Final Order and Judgment approving the Settlement; (3) Co-Lead Counsel's application for attorneys' fees and expenses; and/or (4) Co-Lead Counsel's application for Incentive Awards for the Plaintiffs. To do so, any Settlement Class member must comply with the terms for objections to the settlement as set forth in the Settlement Agreement, by forwarding written objections to the Class Administrator on or before the Opt-Out and Objection Deadline. The Claims Administrator shall cause all received objections to be filed with the Court.

B.  Any member of the Settlement Class making an objection must personally sign the objection, and include the following information in the objection: (1) his/her name, address and telephone number, and if such Settlement Class member is represented by counsel, the name, address and telephone number of such counsel; (2) documentation establishing that such Settlement Class member purchased (a) a Printer in new condition from either Canon USA or one of its authorized Printer resellers, or (b) a refurbished Printer directly from Canon USA; (3) documentation, if any, establishing that such Settlement Class member experienced a Print Head Issue with his/her Printer; (4) the serial number and model number of his/her Printer; (5) a list of all legal proceedings in which the Settlement Class member filed an objection related to any

7

class action settlement within the past five (5) years; (6) a written statement specifically describing all of the Settlement Class member's objections to the Settlement and the reasons for such objections; and (7) a statement as to whether the Settlement Class member intends to attend the Final Approval Hearing.

C.  Only members of the Settlement Class who served valid and timely objections in accordance with the terms of the Settlement Agreement shall be entitled to be heard at the Final Approval Hearing. Any Settlement Class member who does not timely serve a valid and timely objection shall be deemed to have waived any such objection.

## VIII. Additional Orders

A.  All applicable pre-trial deadlines in the Action shall be continued indefinitely so that the Parties shall in no way be prejudiced by their efforts to resolve the Action through the Settlement Agreement.

B.  If the Settlement Agreement is terminated and/or the Settlement is not consummated for any reason, the conditional certification of the Settlement Class shall be void, Canon USA having reserved all of its rights to (1) oppose any and all class certification motions, (2) contest the adequacy of the Plaintiffs as typical or adequate representatives of any putative class, (3) contest the merits of the Plaintiffs' claims, and (4) contest the adequacy of Co-Lead Counsel as Class Counsel. Similarly, the Plaintiffs reserve all of their rights, including the right to continue with the Action, if the Settlement Agreement is terminated and/or the Settlement is not consummated for any reason.

IT IS SO ORDERED.

Dated: CENTRAL ISLIP, NY 6/24/15

S/ Leonard D. Wexler

Hon. Leonard D. Wexler
United States District Judge