Case 2:14-cv-03235-LDW-SIL Document 37-6 Filed 09/03/15 Page 2 of 7 PageID #: 353

Case 2:14-cv-03235-DVW-SIL Document 38 Filed 09/08/15 Page 2 of 6 PageID #: 353

Dft

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ SEP 08 2015 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

IN RE CANON INKJET PRINTER LITIGATION     :   No. 2:14-cv-3235 (LDW)
                                          :
                                          :
                                          :
-----------------------------------------------------------------x

## [PROPOSED] ORDER PARTIALLY VACATING AND AMENDING CERTAIN PROVISIONS OF JUNE 24, 2015 ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, CONDITIONALLY CERTIFYING SETTLEMENT CLASS, DIRECTING DISTRIBUTION OF CLASS NOTICE, APPOINTING COUNSEL FOR SETTLEMENT CLASS, AND SETTING HEARING FOR DETERMINATION OF FINAL APPROVAL OF CLASS ACTION SETTLEMENT

WHEREAS, Plaintiffs Sarah Barrett, Marcus Ho and Melanie Clark (collectively, the "Plaintiffs") and Defendant, Canon U.S.A., Inc. ("Canon USA"), entered into a Stipulation and Agreement of Settlement, dated as of June 15, 2015 ("Settlement Agreement"), which was intended to resolve the above-entitled consolidated class action litigation (the "Action");

WHEREAS, the Settlement Agreement, together with the Exhibits thereto, and Plaintiffs' unopposed Motion for Preliminary Approval of Settlement and supporting Memorandum of Law, were filed with the Court on June 15, 2015 (*see* Docket Nos. 32-34);

WHEREAS, the Court issued an Order dated June 24, 2015 that, among other things, granted Plaintiffs' unopposed motion for preliminary approval of the Settlement, set a schedule for providing notice to the Settlement Class, and scheduled a final approval hearing for November 2, 2015 (Docket No. 35) (the "June 24 Order");

WHEREAS, subsequent to the entry of the June 24 Order, counsel for the parties engaged in further discussions concerning the timing and content of the plan for providing notice to the Settlement Class (the "Notice Program") and, subject to the Court's approval, have agreed to amend the Settlement Agreement, the Class Notice and the Claim Form, as more fully set forth in

H0046425.

the executed Amendment to the Settlement Agreement, and the revised Class Notice and Claim Form accompanying this Proposed Order;

**IT IS HEREBY ORDERED** as follows:

I. **Amendment of Notice Program and Schedule in the June 24 Order:**

A. Unless otherwise provided herein, the terms used in this Order are defined in accordance with the definitions of such terms in the Settlement Agreement.

B. As set forth below, the schedule and dates set forth in the June 24 Order are **VACATED.** All other provisions of the June 24 Order, including those granting preliminary approval of the Settlement, conditionally certifying and defining the Settlement Class, appointing Class Counsel and the Claims Administrator, and setting forth requirements for Objections and Requests for Exclusion, remain in effect.

C. The Court establishes the following revised deadlines:

(1) Class Notice shall be provided by the Claims Administrator to the Settlement Class no later than forty-five (45) days after the entry of this Order (the "New Notice Date");

(2) Objections to the Settlement and Requests for Exclusion from the Settlement Class shall be delivered to the Claims Administrator and/or postmarked no later than sixty (60) days after the New Notice Date (the "Opt-Out and Objection Deadline");

(3) Completed Claim Forms shall be delivered to the Claims Administrator and/or postmarked no later than seventy-two (72) days after the New Notice Date (the "Claims Deadline");

(4) Applications for Attorneys' Fees and Expenses, and Incentive Awards, shall be filed no later than fourteen (14) days before the Opt-Out and Objection Deadline;

(5) All briefing and/or other papers to be submitted in support of any Objection to the Settlement shall be filed no later than thirty (30) days before the New Final Approval Hearing Date; and

(6) All briefing and/or other papers to be submitted in support of final approval of the Settlement, or in opposition to any Objection to the Settlement, shall be filed no later than fourteen (14) days before the New Final Approval Hearing Date;

D. The Final Approval Hearing previously scheduled for November 2, 2015 is **VACATED**. The Court re-sets the Final Approval Hearing for _11:00_ a.m./p.m. on _DECEMBER 14_, 2015 ("New Final Approval Hearing Date") in Courtroom _940_, 944 Federal Plaza, Central Islip, New York 11722. The New Final Approval Hearing Date shall be subject to further adjournment by the Court without further notice to the members of the Settlement Class; provided, however, that the Claims Administrator shall advise members of the Settlement Class of any scheduling changes by means of a posting on the Settlement Website.

## II. Notice to Settlement Class

A. The Court hereby approves the following revised Notice Program:

(1) no later than thirty (30) calendar days after the Claims Administrator receives the contact information referenced in Section 6(C) of the Settlement Agreement, the Claims Administrator shall provide notice to the Settlement Class as follows:

H0046425.                                                    3

(a)  send an email message containing the Summary Class Notice (*i.e.*, the content set forth in the document attached as Exhibit C to the Settlement Agreement) to each purchaser of a Printer for whom an email address has been provided to the Claims Administrator;

(b)  cause a postcard containing the Summary Class Notice to be mailed, via U.S. Mail, to the following:

> (i)  each purchaser of a Printer for whom an email address has not been provided to the Claims Administrator, but for whom a physical address has been provided to the Claims Administrator; and
>
> (ii)  each purchaser of a Printer for whom an email address has been provided to the Claims Administrator, but the email sent pursuant to subsection (a) above resulted in a bounce-back;

(c)  if a postcard mailed to a purchaser is returned as undeliverable, the Claims Administrator shall pursue address verification (through skip-tracing), and if a new address is found, re-send the postcard to the new address;

(d)  cause to be published, on a single occasion in a single edition of the newspaper *USA Today*, a 1/8 page advertisement containing the Summary Class Notice; and

(e)  with the assistance and cooperation of Canon USA, cause to be posted, in a readily accessible location on Canon USA's website

(www.usa.canon.com) a "Product Advisory" containing the Summary Class Notice, such "Product Advisory" to remain posted until the Claims Deadline.

The Claims Administrator shall cause each of the methods of providing notice referenced in subsections (a), (b)(i), (d) and (e) above to be initiated on the same date, *i.e.*, the email transmissions, post card mailings, newspaper publication and website posting shall all occur on the same calendar day (the "Notice Date").

B. The Claim Form shall explain that Settlement Class Members who, according to Canon USA's records, sent an email or called Canon USA about a Print Head Issue before February 18, 2015, and incurred an out-of-pocket expense (*i.e.*, paying a fee to have a Printer repaired, or purchasing a new print head or a replacement printer), shall be excused from the requirement of proving that their out-of-pocket expense was incurred for the specific purpose of remedying a Print Head Issue; provided, however, that such persons, shall still be required to submit with their completed Claim Forms the prescribed documentary proof that they incurred the out-of-pocket expense).

C. Prior to the New Final Approval Hearing Date, the Claims Administrator shall file with the Court a sworn statement attesting to compliance with the Notice Program.

D. The Court finds that the revised Notice Program, as set forth above, (1) meets the requirements of Fed. R. Civ. P. 23(c)(3) and due process; (2) is the best practicable notice under the circumstances; (3) is reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the Action and their right to object to the Settlement or opt-out of the Settlement Class; and (4) is reasonable and constitutes due, adequate and sufficient notice to all those entitled to receive notice of the Settlement.

E. The Court further finds, pursuant to Fed. R. Civ. P. 23(c)(2), that the proposed Summary Class Notice and Class Notice inform members of the Settlement Class of their rights in the Action. The Summary Class Notice and Class Notice clearly and concisely state (1) the nature of the Action; (2) the class definition; (3) the class claims; (4) that the Settlement Class member may appear through counsel; (5) that the Court shall exclude from the Settlement Class any potential member who requests exclusion; (6) the time and manner for requesting exclusion from the Settlement Class; and (7) the binding effect of a class judgment on Settlement Class Members.

**IT IS SO ORDERED.**

Dated: CENTRAL ISLIP, NY 9/8/15

s/ Leonard D. Wexler
_____
Hon. Leonard D. Wexler
United States District Judge