IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In Re Canon<br>Inkjet Printer Litigation | Case No.: 2:14-cv-03235-LDW-SIL<br><br>CLASS ACTION |

FILED IN CLERK'S OFFICE DISTRICT COURT E.D.N.Y. ★ APR 26 2016 ★ LONG ISLAND OFFICE

FILED IN CLERK'S OFFICE U.S. DISTRICT COURT E.D.N.Y. ★ APR 26 2016 ★ LONG ISLAND OFFICE

## ORDER AND JUDGMENT GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND CERTIFYING SETTLEMENT CLASS

WHEREAS, this matter has come before the Court pursuant to the Plaintiffs' Motion for Order and Judgment Granting Final Approval of Class Action Settlement and Certifying Settlement Class (the "Motion");

WHEREAS, the Court finds that it has jurisdiction over the Action;

WHEREAS, on June 24, 2015, the Court granted the Plaintiffs' Unopposed Motion for Preliminary Approval of the Class Action Settlement (the "Preliminary Approval Order");

WHEREAS, the Settlement Class conditionally certified in the Preliminary Approval Order has been appropriately certified for settlement purposes only;

WHEREAS, the Court held a hearing on April 25, 2016 to consider the fairness, reasonableness and adequacy of the settlement, and has been advised of all objections to the settlement and has given fair consideration to such objections;

WHEREAS, the Court has considered (1) the Motion, (2) the Stipulation and Agreement of Settlement dated as of June 15, 2015 ("Settlement Agreement"), and the e:xhibits thereto, and (3) the objections to the settlement, if any;

WHEREAS, the Court is otherwise fully advised and has considered the record of these proceedings and the applicable law;

1

IT IS HEREBY ORDERED THAT:

I. **Final Approval of the Settlement Agreement**

A. Unless otherwise provided herein, the terms used in this Order and Judgment are defined in accordance with the definitions of such terms set forth in the Settlement Agreement.

B. The terms of the Settlement Agreement are approved. The Settlement is in all respects fair, reasonable, adequate and proper, and in the best interest of the Settlement Class. In reaching this conclusion, the Court has considered factors that include: (1) an assessment of the likelihood that the Plaintiffs would prevail at trial; (2) the range of possible recovery available to the Plaintiffs and the Settlement Class; (3) the consideration provided to Settlement Class members pursuant to the Settlement Agreement as compared to the range of possible recovery discounted for the inherent risks of litigation; (4) the complexity, expense and possible duration of the Action in the absence of a settlement; (5) the nature and extent of the objections to the Settlement, if any; and (6) the stage of proceedings at which the Settlement was reached.

C. The Settlement Agreement was entered into by experienced counsel after extensive, arm's length negotiations. The Settlement is not the result of collusion. The Settlement was entered into in good faith. Class Counsel and the Plaintiffs have fairly and adequately represented the Settlement Class for purposes of entering into and implementing the Settlement.

D. The Court finds that there is no just reason for delay in entering the Final Order and Judgment Approving Settlement pursuant to Fed. R. Civ. P. 54(b), because (1) delay would not be in the best interests of the Settlement Class members, who will be able to receive Awards shortly after entry of the Final Order and Judgment Approving Settlement; and (2) judicial economy and administration would be served by the efficient resolution of the claims of Settlement Class members by means of the Settlement.

E.  The Court conditionally certified the following Settlement Class in the Preliminary Approval Order: All persons who purchased one or more units of the Canon-brand PIX.MA inkjet printer models listed herein (collectively, the "Printers"), (1) in new condition from either Canon USA or one of its authorized Printer resellers, or (2) in refurbished condition directly from Canon USA. The Canon-brand PIXMA inkjet printer models referred to in the preceding sentence are the following: iP3600, iP4700, iP4820, iP4920, iX6520, iX7000, MG5120, MG5220, MG5320, MG6120, MG6220, MG8120, MG8220, MP500, MP530, MP560, MP600, MP610, MP620, MP640, MP730, MP800, MP960, MP970, MP990, MX700, MX712, MX850, MX860, MX870, MX882, MX892, MX7600, PR09000MKII and PR09500MKll, including all models that are derivatives of the models identified above and which are signified by a suffix following the model numbers set forth above. In addition, the following classes of persons were excluded from the Settlement Class: (1) any person who contacted Canon USA prior to the date of the Settlement Agreement seeking assistance for a Print Head Issue, and who was provided by Canon USA with a complimentary print head or complimentary printer in response to the Print Head Issue; (2) any person who files a valid, timely Request for Exclusion from the Settlement Class; and (3) any Judge to whom this Action is assigned and any member of his/her immediately family.

F.  The Court finds that, for purposes of settlement of the Action only, the Settlement Class satisfies the requirements of Fed. R. Civ. P. 23(a), as follows:

    (1)     In accordance with Fed. R. Civ. P. 23(a)(1), the Settlement Class members are so numerous that joinder of all such persons is impracticable.

    (2)     In accordance with Fed. R. Civ. P. 23(a)(2), there are questions of law and/or fact common to the Settlement Class members.

  (3) In accordance with Fed. R. Civ. P. 23(a)(3), the claims of the Class Representatives are typical of the claims of the Settlement Class.

  (4) In accordance with Fed. R. Civ. P. 23(a)(4), the Class Representatives will fairly and adequately represent the interests of the Settlement Class, and do not have interests that are antagonistic to the Settlement Class.

 G. The Court further finds that, for purposes of settlement of the Action only, the Settlement Class satisfies the requirements of Fed. R. Civ. P. 23(b)(3), in that (1) questions of fact and/or law common to Settlement Class members predominate over any questions affecting only individual Settlement Class members, and (2) a class action is superior to other available methods for fairly and efficiently adjudicating the dispute. The Parties' ability to resolve the Action on terms applicable to all Settlement Class members establishes the predominance of common legal and factual questions for purposes of the Settlement. Moreover, a class action is the superior means of resolving the dispute because individual Settlement Class members have demonstrated no interest in prosecuting separate actions, and the cost of litigation far outpaces any individual recovery available to any Settlement Class member.

 H. The Court therefore certifies, for settlement purposes only, the Settlement Class as defined in Section II(A) of this Order.

## II. <u>Notice</u>

 A. The Court finds that the Notice Program: (1) satisfied the requirements of Fed. R. Civ. P. 23(c)(3) and due process; (2) was the best practicable notice under the circumstances; (3) reasonably apprised Settlement Class members of the pendency of the Action and their right to object to the settlement or opt-out of the Settlement Class; and (4) was reasonable and constituted due, adequate and sufficient notice to all persons entitled to receive notice.

B. The Court further finds, pursuant to Fed. R. Civ. P. 23(c)(2), that the Summary Class Notice and Class Notice adequately informed Settlement Class members of their rights with respect to the Action.

### III. Dismissal With Prejudice

The Court hereby enters a judgment of dismissal of the Consolidated Complaint in the Action with prejudice and without costs (except as specified herein), pursuant to Fed. R. Civ. P. 54(b).

### IV. Attorneys' Fees and Expenses and Incentive Awards

A. The Court hereby grants Co-Lead Counsel's application for an award of attorneys' fees in the aggregate amount of one-third of the Settlement Fund or Three Hundred Ten Thousand Dollars ($310,000.00), to be paid by Canon USA in accordance with the terms of the Settlement Agreement.

B. The Court further grants Co-Lead Counsel's application for an award of expenses in the amount of $25,121.90 as reflected in Plaintiffs' Memorandum Of Law In Support Of Their Unopposed Motion For Final Approval Of The Class Action Settlement (DE #48)

C. The Court further grants Co-Lead Counsel's application for Incentive Awards, in the amount of Two Hundred Fifty Dollars ($250.00) to be paid to each of Sarah Barrett, Marcus Ho and Melanie Clark by Canon USA in accordance with terms of the Settlement Agreement.

D. Co-Lead Counsel, in their sole discretion, shall allocate and distribute the award of attorneys' fees and expenses among counsel for the Plaintiffs.

**V.     Releases**

A.     The Court finds that, pursuant to the terms of the Settlement Agreement, each Releasing Party shall be deemed to have released and forever discharged each Released Party of and from liability for any and all Released Claims as defined in the Settlement Agreement.

B.     The Court further finds that, pursuant to the terms of the Settlement Agreement, each Released Party shall be deemed to have fully, finally and forever released, relinquished and discharged each and all of the Plaintiffs and members of the Settlement Class, and their attorneys, accountants, experts, consultants, insurers and agents, from all claims of every nature and description, known or unknown, relating to the initiation, assertion or prosecution of the Action and/or the Released Claims.

**VII.    Opt-Outs**

A list of those members of the Settlement Class who have timely and validly elected to opt-out of the Settlement Class, and who therefore are not bound by the Settlement, the provisions of the Settlement Agreement, and this Order and Judgment, has been submitted to the Court and is attached to this Order and Judgment as Exhibit A and incorporated herein by reference. All other Settlement Class members (as finally certified by this Order and Judgment) shall be subject to all of the provisions of the Settlement Agreement and this Order and Judgment.

**VIII.   Continuing Jurisdiction**

Without in any way affecting the finality of this Order and Judgment, the Court hereby retains jurisdiction over the Parties to the Settlement, including all Settlement Class members, to construe and enforce the Settlement Agreement in accordance with its terms for the mutual benefit of the Parties.

IT IS SO ORDERED.

_s/ Leonard D. Wexler_
Hon. Leonard D. Wexler
United States District Judge

CENTRAL ISLIP, NY
4/26/16